IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No.  03-cv-02481-LTB-CBS

SUSAN VON FEIST,

    Plaintiff,

v.

CELESTICA CORPORATION,

    Defendants.

_____

ORDER
_____

    The plaintiff Susan Von Feist, represented by counsel throughout these proceedings, has failed to respond to the defendant Celestica Corporation's summary judgment motion, filed on September 30, 2005.  The record is devoid of evidence requisite to the trial of her claims, no genuine issues of material fact appear, and Celestica is entitled to judgment as a matter of law.  Celestica's motion for summary judgment is for those reasons GRANTED.

    Ms. Von Feist alleged in her Complaint that she was while in Celestica's employment exposed to a heavy concentration of cleaning compound and as a result suffered a permanent impairment.  After that incident, she filed a worker's compensation claim and reported the exposure to the Occupational Safety and Health Administration ("OSHA").  Celestica fired her allegedly in retaliation for taking those remedial actions.  She asserts claims for failure to accommodate her disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and for retaliatory discharge.

The record demonstrates that Ms. Von Feist cannot hope to present a triable issue of fact for several reasons. First, Ms. Von Feist conceded in her deposition that she is unable to perform the essential functions of her former job – lifting, standing, reaching, and concentrating on instructions. Given the opportunity, she could not identify a job within Celestica that she is able to perform. As a matter of law, then, Ms. Von Feist is not a qualified individual within the meaning of the ADA. *Mathews v. Denver Post*, 263 F.3d 1164, 1169 (10th Cir. 2001).

In addition, in an appeal made to the Social Security Administration ("SSA") for benefits, Ms. Von Feist disclaimed an ability to perform any type of substantial gainful activity, an assertion she affirmed in deposition. No explanation appears for this apparent contradiction between Ms. Von Feist's position before the SSA and her position here. *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 806, 119 S. Ct. 1597, 143 L. Ed. 2d 966 (1999); *Mitchell v. Washingtonville Cent. School Dist.*, 190 F.3d 1, 7 (2d Cir. 1999); *Lee v. Salem*, 259 F.3d 667, 668 (7th Cir. 2001).

Second, Ms. Von Feist insists that Celestica ought to create for her a new position consisting of only those menial tasks, gleaned from co-workers' responsibilities, which she can perform. However, restructuring Celestica's business and sloughing Ms. Von Feist's tasks onto co-workers are not reasonable accommodations. *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1177- 1178 (10th Cir. 1999); *Matthews*, 263 F.3d at 1169. Ms. Von Feist has not identified any other accommodation that Celestica has failed to perform.

Third, nothing in the record indicates that Celestica's proffered non-discriminatory reason for discharging Ms. Von Feist was pretextual. While Ms. Von Feist was on leave from work and collecting worker's compensation benefits in April, 2002, private investigators observed her

perform several activities of which she is ostensibly incapable.  On May 6, 2002, after viewing a videotape of the surveillance, Ms. Von Feist's attending physician, Dr. Julie Parsons, reported, "It is my opinion, therefore, to a reasonable degree of medical certainty, that this case is somewhat fraudulent."  On May 13, 2002, possessing Dr. Parsons' report, Celestica's human resources director, Eric McCallum, fired Ms. Von Feist for violation of company policy.  Perceived fraud is a legitimate ground for dismissal.  *Pope v. ESA Services, Inc.*, 406 F.3d 1001, 1009 (8th Cir. 2005).

Ms. Von Feist's state-law public policy claims both fail for lack of causation.  She can demonstrate neither that Celestica forbade her to report to OSHA nor that it fired her as a result of her report to OSHA; nothing appears to demonstrate that any of her superiors at Celestica knew of that report.  *Middlemist v. BDO Seidman, LLP*, 958 P.2d 486, 493-494 (Colo. App. 1997); *Roe v. Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1236 (10th Cir. 1997).  Though Celestica knew of Ms. Von Feist's worker's compensation claim, the interval between the February, 2002 claim submission and the May 13, 2002 dismissal, standing alone, does not establish a causal connection.  *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997).

Accordingly, it is ORDERED that

1) Celestica's motion for summary judgment is GRANTED; and

2) judgment shall enter in Celestica's favor on all counts with costs.

Dated: January   3  , 2006, in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge